## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JUSTIN LINKO,** | : | **No. 3:15cv2066** |
| **Plaintiff** | : | |
| | : | **(Judge Munley)** |
| **v.** | : | |
| | : | |
| **NATIONWIDE PROPERTY &** | : | |
| **CASUALTY INSURANCE,** | : | |
| **Defendant** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

### MEMORANDUM

The crux of the breach of contract and bad faith dispute in this case is whether plaintiff's truck had coverage at the time of an accident under an automobile insurance policy issued by defendant.  Presently, defendant urges the court to dismiss plaintiff's statutory bad faith claim.  (Doc. 5).  Because we find that plaintiff has pled sufficient facts to proceed with his bad faith claim, we will deny defendant's motion.

**Background**

Plaintiff Justin Linko leased a 2015 Toyota Tundra on February 28, 2015.  (Doc. 6, Compl. ¶ 5).  Plaintiff Linko claims he contacted a local agency doing business on behalf of Defendant Nationwide Property and Casualty Insurance (hereinafter "Nationwide") to obtain automobile liability insurance coverage, including collision, comprehensive, and other coverage for the Tundra.  (Id.)  Lease documentation reflects insurance

coverage, listing Nationwide as the provider and policy number 5837E918945.  (Id., Ex. A).  Defendant made monthly automatic withdrawals from plaintiff's bank account, which plaintiff argues proves Nationwide insured his truck.  (Id. ¶ 6, Ex. B).

On June 4, 2015, plaintiff's truck sustained damage in an automobile accident.  (Id. ¶ 7).  When plaintiff filed a claim with defendant for the accident, defendant notified plaintiff that they had no record of him purchasing insurance coverage for the 2015 Tundra.  (Id. ¶ 8).  After an internal inquiry, Defendant Nationwide confirmed on July 5, 2015, that they would not honor plaintiff's claim because he had no insurance on the Tundra.  (Id. ¶¶ 9, 11).

 Plaintiff Linko filed a two-count complaint in the Court of Common Pleas of Lackawanna County, Pennsylvania, on September 30, 2015. (Doc. 6).  Count I alleges a claim for breach of contract, and Count II alleges a claim under Pennsylvania's Bad Faith Statute, 42 Pa. Cons. Stat. Ann. § 8371 (Id.)

Nationwide removed the action to this court on October 26, 2015. (Doc. 1, Notice of Removal).  On November 2, 2015, the defendant filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6),

bringing the case to its present posture.  (Doc. 5).  The parties have briefed

the issues and the matter is ripe for our disposition.

**Jurisdiction**

Plaintiff Justin Linko is a citizen of Pennsylvania.  (Doc. 1, ¶ 7).

Defendant Nationwide is a corporation organized under the laws of, and

having its principal place of business in, Ohio.  (Id.)

Because there is complete diversity of citizenship between the

parties and the amount in controversy exceeds $75,000.00, the court has

removal jurisdiction over the case.  See 28 U.S.C. § 1332 ("district courts

shall have original jurisdiction of all civil actions where the matter in

controversy exceeds the sum or value of $75,000, exclusive of interest and

costs, and is between . . . citizens of different States[.]"); 28 U.S.C. § 1441

(A defendant can generally remove a state court civil action to federal court

if the federal court would have had original jurisdiction to address the

matter pursuant to the diversity jurisdiction statute).

As a federal court sitting in diversity, we must apply state law.

Chamberlain v. Giampapa, 210 F.3d 154, 158 (3d Cir. 2000) (citing Erie

R.R. v. Tompkins, 304 U.S. 64, 78 (1938)).  In this case, the relevant state

is Pennsylvania.  If the state supreme court has not yet addressed an issue

3

before us, we must predict how that court would rule if presented with that

issue.  Nationwide v. Mutual Ins. Co., 230 F.3d 634, 637 (3d Cir. 2000).  In

so doing, we must examine the opinions of the lower state courts, and we

cannot disregard them unless we are convinced by other persuasive data

that the highest court would rule otherwise.  Id.

**Legal Standard**

Defendant filed its motion to dismiss the amended complaint

pursuant to Federal Rule of Civil Procedure 12(b)(6).   The court tests the

sufficiency of the complaint's allegations when considering a Rule 12(b)(6)

motion.  All well-pleaded allegations of the complaint must be viewed as

true and in the light most favorable to the non-movant to determine

whether, "'under any reasonable reading of the pleadings, the plaintiff may

be entitled to relief.'"  Colburn v. Upper Darby Twp., 838 F.2d 663, 665-66

(3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d

503, 506 (3d Cir. 1985)).  The plaintiff must describe "'enough facts to raise

a reasonable expectation that discovery will reveal evidence of' [each]

necessary element" of the claims alleged in the complaint.  Phillips v. Cnty.

of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 556 (2007)).  Moreover, the plaintiff must allege

4

facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234-35.  In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted).  The court does not have to accept legal conclusions or unwarranted factual inferences.  See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

**Discussion**

Nationwide's motion seeks dismissal of Count II of the complaint, Plaintiff Linko's claim for bad faith under 42 Pa. Cons. Stat. Ann. § 8371. Nationwide argues that plaintiff has not pled sufficient facts to support a bad faith claim.

Section 8371 authorizes recovery for an insurance company's bad faith towards an insured.  It provides for several remedies upon a finding of bad faith: (1) an award of "interest on the amount of the claim" at a rate equal to "the prime rate of interest plus 3%"; (2) an award of "punitive damages against the insurer"; and/or (3) an assessment of "court costs

and attorney fees against the insurer."  Pennsylvania courts have adopted

the following definition of "bad faith" on the part of an insurer:

> any frivolous or unfounded refusal to pay proceeds of a policy;
> it is not necessary that such refusal be fraudulent.  For
> purposes of an action against an insurer for failure to pay a
> claim, such conduct imports a dishonest purpose and means a
> breach of a known duty (i.e., good faith and fair dealing),
> through some motive of self-interest or ill will; mere negligence
> or bad judgment is not bad faith.

Perkins v. State Farm Ins. Co., 589 F. Supp. 2d 559, 562 (M.D. Pa. 2008)

(citing Terletsky v. Prudential Property & Casualty Ins. Co., 649 A. 2d 680,

688 (Pa. Super. Ct. 1994) (quoting Black's Law Dictionary 139 (6th ed.

1990)) (citations omitted); see also Nw. Mut. Life Ins. Co. v. Babayan, 430

F. 3d 121, 137 (3d Cir. 2005) (predicting the Pennsylvania Supreme Court

would define "bad faith" according to the definition set forth in Terletsky)).

The United States Court of Appeals for the Third Circuit has adopted

the legal standard established by the Pennsylvania Superior Court for

testing the sufficiency of bad faith claims under section 8371, "both

elements of which must be supported with clear and convincing evidence:

(1) that the insurer lacked a reasonable basis for denying benefits; and (2)

that the insurer knew or recklessly disregarded its lack of reasonable

basis."  Klinger v. State Farm Mut. Auto. Ins. Co., 115 F.3d 230, 233 (3d

Cir. 1997) (citing Terletsky, 649 A.2d at 688).

6

Nationwide argues that Plaintiff Linko has only made conclusory allegations of bad faith.  Plaintiff argues that the facts alleged do satisfy both prongs of the Klinger analysis.

> The Pennsylvania rules of statutory construction state that, in general, the "provisions of a statute should be liberally construed to effect their objects and purposes and to promote justice." 1 Pa. Cons. Stat. Ann. § 1928(c) (Supp. 1992).  The purpose of section 8371 is to provide persons with a remedy against the bad faith conduct of insurers.  Remedial statutes like section 8371 should be broadly construed.  The narrow construction of section 8371 proposed by defendant runs counter to [the] rule of liberal statutory construction and would defeat, rather than effectuate, the purpose of the statute, and would hinder, rather than promote, justice.

Krisa v. Equitable Life Assur. Soc., 109 F. Supp. 2d 316, 320 (M.D. Pa. 2000) (quoting Rottmund v. Cont'l Assur. Co., 813 F. Supp. 1104, 1110 (E.D. Pa. 1992)).  Plaintiff Linko points out that he alleged that the defendant regularly withdrew payments from his bank account (Compl. ¶ 6, Ex. B), but denied benefits and denied plaintiff's Tundra was covered at all (Id. ¶¶ 8-11).

We will deny the Nationwide's motion because plaintiff has alleged that Nationwide unreasonably denied payment of benefits.  As such, it would be premature to dismiss the claim.  While paragraphs of Plaintiff Linko's complaint could be read as legal conclusions, we read them in conjunction with his more specific allegations in his breach of contract

claim.  (<u>See</u> Compl. ¶ 27 (incorporating paragraphs one through twenty-six into bad faith claim)).  There, bolstering his claim of unreasonable denial of benefits, he alleged that Nationwide "failed to objectively and fairly evaluate Plaintiff's claim" and "failed to promptly offer payment of the reasonable and fair value of the claim to plaintiff."  (<u>Id.</u> ¶¶ 23-24).  Accordingly, we find that plaintiff has sufficiently alleged facts indicating unreasonable denial of the payment of benefits in order to survive a motion to dismiss.

Nationwide's motion will be denied.

**CONCLUSION**

For the reasons stated above, Nationwide's motion to dismiss will be denied.  An appropriate order follows.


**DATE:4/18/2016**                              **s/ James M. Munley**
                                                **JUDGE JAMES M. MUNLEY**
                                                **United States District Court**